

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00011-CR

LESTER EARL ROBINSON, II, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 207th District Court
Comal County, Texas
Trial Court No. 2018-143, Honorable Jack Robison, Presiding

August 5, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

This appeal arose from an instance of bank jugging. According to the record, it involves one or more people preying on someone seen leaving a bank, following their prey, and ultimately absconding with the victim's money through robbery or otherwise. The State indicted appellant for participating in such an act. The actual crime for which he was charged and eventually convicted was engaging in criminal activity involving theft of between $2,500 and $30,000. Appellant appealed, alleging two issues for review. The

first concerned the sufficiency of the evidence underlying his conviction, while the second involved the admission of "extraneous offense evidence." We affirm.[1]

*Issue One – Sufficiency of the Evidence*

Appellant initially contends that the State failed to prove he 1) committed theft or was a party to theft and 2) acted "as a gang member and in furtherance of a gang at the time of the alleged theft." We overrule the issue.

The standard of review is that discussed in *Harrell v. State*, 620 S.W.3d 910, 913–14 (Tex. Crim. App. 2021). We apply it here.

Among other things, the evidence and testimony consisted of 1) appellant residing in the Houston area; 2) appellant being seen on video at a gas station many miles away from Houston and in Converse, Texas, with Weston, appellant's compatriot, shortly before the bank jugging episode at issue; 3) appellant driving the silver Chevy as depicted in the video; 4) the vehicle travelling to and stopping at a bank and federal credit union, as depicted by tracking information garnered from Weston's phone; 5) the federal credit union at which they stopped being one of the financial institutions from which the eventual victim obtained money; 6) Weston being located across from the credit union when the victim obtained the money; 7) Weston being located near another financial institution from which the same victim obtained additional funds at the time the victim obtained them; 8) the victim returning to his residence and leaving the money in his vehicle; 9) the residence being a Comal County rural gated community with only one entrance and exit; 10) the victim seeing Weston remove the money from the victim's vehicle; 11) Weston entering

---

[1] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

the passenger side of the silver Chevy depicted earlier in the gas station video; 12) the silver Chevy carrying at least two people leaving the scene; 13) the victim entering his vehicle and hurrying to block the community's sole exit; 14) the silver Chevy being found atop a stump with motor running within the gated community; 15) appellant walking up to an officer at the only exit of the gated community and asserting he was stabbed by a "white meth-head"; 16) appellant having a cut on his hand reminiscent of an injury incurred by jumping wire fences; 17) appellant changing his story to claim that he was injured during a drug deal "gone bad" at a Shell or Valero gas station; 18) the nearest Shell or Valero station being eight to nine miles away; 19) appellant again changing his story to one where he was with a friend whom he lost; 20) Houston police department and "TXGANG" documenting appellant as a member of a particular Houston gang; 21) appellant having tattooed himself with the name of the particular Houston gang; 22) appellant having associated with members of the same gang as depicted on his Facebook page; 23) appellant having hung out in the specific area wherein the particular gang resided; 24) appellant having adopted a Facebook screen name indicative of gang membership; 25) the particular gang being known for bank jugging in areas outside of Houston; 26) members of the gang who bank jug doing so on behalf of the gang, and 27) bank jugging requiring at least two people, one to steal the money and another to drive the get-a-way car.

Appellant driving Weston in the silver Chevy shortly before the theft, the silver Chevy's presence near the two locations at which the victim obtained money, the nature of bank jugging and its need for at least two participants, Weston being seen stealing the money and entering the passenger side of the silver Chevy, the silver Chevy being found

3

stranded within the gated community immediately after the theft, appellant's appearance at the gated community immediately after the theft, and his changing stories are some evidence upon which a rational jury could conclude beyond reasonable doubt that he was at least a party to and culpable for the theft; that is, he drove while Weston stole. *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011) (stating that a person is criminally responsible for an offense committed by the conduct of another if the person while acting with intent to promote or assist the commission of the offense, solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense); *see also Francis v. State*, No. 07-12-00238-CR, 2013 Tex. App. LEXIS 11659, at \*5 (Tex. App.—Amarillo Sept. 12, 2013, pet. ref'd) (mem. op., not designated for publication) (noting that evidence of deceit or evasion can be considered by a fact-finder as consciousness of guilt).

Appellant's tattoo identifying the particular street gang, his depiction on Facebook with members of the same street gang, his being documented as a gang member, the nature of the specific crimes for which the particular gang is known, and appellant's involvement at bar in such a crime are all some evidence permitting a rational jury to conclude beyond reasonable doubt that he was a member of a criminal street gang and assisted in the theft as such a member. To paraphrase the State's gang expert, a Girl Scout sells Girl Scout cookies as part of the organization's activity; in turn, a member of appellant's gang sells narcotics and commits bank jugging as a member of that gang. *See* TEX. PENAL CODE ANN. § 71.01(d) (defining a "criminal street gang" as "three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities"); *see also id.*

4

§ 71.02(a)(1) (stating that one "commits an offense if, with the intent to establish, maintain, or participate . . . as a member of a criminal street gang, the person commits . . . theft").

*Issue Two – Evidence of Extraneous Offenses*

Lastly, appellant contends that the trial court erred in admitting evidence of extraneous offenses committed by or involving him. The litany of extraneous matters about which he now complains were uttered by a State's expert witness. That witness happened to be the Houston police officer who opined that appellant was part of the jugging event underlying appellant's conviction. More importantly, when the witness mentioned these extraneous matters, appellant did not object, as he was required to do. Tex. R. App. P. 33.1(a) (stating that "[a]s a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion"). Having withheld objection, appellant failed to preserve his complaint for review. *Burg v. State*, 592 S.W.3d 444, 452 (Tex. Crim. App. 2020) (so holding). So, his issue is overruled.

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Per Curiam

Do not publish.